

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HELEN CARTER CROCKETT,
Guardian and Conservator
on behalf of
FRANK IRVIN CARTER, JR.,

    Plaintiff,

v.                                  Civil Action No. 3:08cv469

GENERAL MOTORS CORPORATION,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Helen Carter Crockett's MOTION TO REMAND TO STATE COURT (Docket No. 10). For the reasons set forth below, the motion will be granted.

## BACKGROUND

On June 12, 2008, the Plaintiff, Helen Carter Crockett filed a complaint in the Circuit Court for the City of Richmond as Guardian and Conservator on behalf of her son Frank Irvin Carter ("Carter"), Jr. seeking damages from General Motors Corp. ("General Motors"), Freedman Seating Co. ("Freedman"), Union City Body Co., Inc., The Wise Co., Inc., and Suburban Auto Seat Co., Inc., jointly and severally for the injuries sustained by Carter in an automobile accident.[1]

---

[1] Crockett previously had filed a similar action in the State court, but she took a non-suit about a month before the trial date.

On June 20, 2008, General Motors was served with process personally through its Virginia registered agent. (Pl.'s Mem. in Supp. of Mot. to Remand Ex. A.) The other four Defendants were served with process through the Secretary of the Commonwealth on July 18, 2008. (Def. General Motors' Notice of Non-Consent and Obj. to Removal Ex. C.)

On July 25, 2008, Freedman filed a Notice of Removal and the action was removed to this Court. It is undisputed that the Complaint filed in State court, on its face, sets forth sufficient information to establish federal diversity jurisdiction under 28 U.S.C. § 1332 because none of the Defendants share Virginia citizenship with Crockett. (Def. Freedman's Notice of Removal ¶¶ 6-7); see also (Compl. ¶¶ 1-12.) Wise Co. filed a Notice of Consent to Freedman's removal, (Def. Wise Co.'s Consent to Removal) (Docket No. 4), as did Defendant Suburban Auto Seat Company. (Def. Suburban Auto Seat Co.'s Consent to Removal) (Docket No. 6). Union City Body Co. did not consent to removal, but the parties agree that Union took bankruptcy and was defunct when the action was filed. General Motors unequivocally objected to removal. (Def. General Motors' Notice of Non-Consent and Obj. to Removal.)

Pursuant to 28 U.S.C. § 1447(c), Crockett argues that remand is proper because General Motors has neither consented to Freedman's notice of removal, nor filed a notice of removal on its

2

own within the thirty-day limitation prescribed by 28 U.S.C. § 1446(b). Freedman originally asserted that the lack of General Motors' consent or compliance with the thirty-day limitation for removal should not bar removal to this Court because General Motors was improperly joined.

On September 26, 2008, the parties presented oral argument on the motion to remand. During the hearing, counsel for General Motors reiterated its lack of consent to removal, and, for the first time, suggested that its consent was not necessary because it was a nominal party to the action for the reason that there is no possibility that Crockett can establish a claim against General Motors. Accordingly, General Motors argued also that the claim against it should be dismissed with prejudice. However, General Motors also reiterated its support for remand, if the claim against it was not to be dismissed with prejudice. Counsel for Freedman appeared to agree that General Motors is a nominal party and therefore its lack of consent should not defeat removal.

In response to General Motors' assertion of the nominal party argument, counsel for Crockett attempted at the hearing to state the basis for the claim against General Motors. After a rather vague explanation of Crockett's claim against General Motors, the Court requested supplemental briefing on the issue. The Court also gave leave to provide supplemental briefing on the fraudulent joinder and nominal party issues as well.

3

In the supplemental briefing, Crockett reiterated that General Motors' failure to consent to removal is dispositive of the remand issue. Crockett also argued that Freedman's Notice of Removal was defective on its face because Freedman failed to allege fraudulent joinder therein as a basis for removal. Finally, Crockett provided support for the claim that General Motors was involved in the distribution of the vehicle at issue in this action.

Freedman, in its supplemental briefing, argued that its Notice of Removal was not facially deficient because it stated that the basis of removal was diversity of citizenship. Freedman also argued that its failure to include fraudulent joinder in its Notice of Removal was not relevant until General Motors failed to consent to removal, and thus that the issue was timely raised. Finally, Freedman argued that General Motors is a nominal party and should be dismissed from the action, thereby allowing this action to remain in this Court.

## DISCUSSION

### I. Removal Procedure

Removal of a state court action to federal court is permitted by 28 U.S.C. § 1441(a), which states in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

> division embracing the place where such action is pending.

The burden of establishing federal jurisdiction is on the party seeking removal. <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Furthermore, the removal statute is strictly construed because removal, when it occurs, impinges on state jurisdiction. <u>See</u> <u>Lontz v. Tharp</u>, 413 F.3d 435, 440 (4th Cir. 2005).

The removing party must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). However, 28 U.S.C. § 1446 does not specify when the thirty-day limitation begins to run in multiple defendant cases. The Fourth Circuit, addressing the issue as a matter of first impression, held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." <u>McKinney v. Bd. of Trs. of Mayland Com. Col.</u>, 955 F.2d 924, 928 (4th Cir. 1992).

The Fourth Circuit in <u>Mckinney</u> also observed that "the first served defendant clearly must petition for removal within thirty days [of service]" in order for there to be any valid removal. <u>Id.</u> at 926. That statement has been called dictum. <u>See e.g.</u>, <u>Ratliff v. Workman</u>, 274 F. Supp. 2d 783 (S.D.W. Va. 2003). However, this district has chosen not to disregard that statement from <u>McKinney</u>,

and, in a well-reasoned opinion, Judge Smith held that, where there are multiple defendants, the first served defendant must properly petition for removal within thirty days of service of process in order to preserve the possibility of removal for later-served defendants. Guyon v. Basso, 403 F. Supp. 2d 502, 508-09 (E.D. Va. 2005) (Smith, J.) ("The court declines to disregard the McKinney dictum and also chooses to follow precedent in this district court.").

In Guyon, the Court gave several reasons for following the lead of McKinney. First, if there had been only one defendant in the action, the failure to remove within the thirty-day limit prescribed by 28 U.S.C. § 1446(b) would have rendered removal invalid. Id. at 509. Accordingly, "[i]t is not inequitable to impose the same time period for removal in the context of multiple defendants." Id. Second, the McKinney rule "is consistent with the purpose of imposing a thirty day period for removal to prevent undue delay and waste of state judicial resources." Id. (citation omitted). Finally, the McKinney rule was consistent with the rule of unanimity, which requires that all parties timely consent to removal of an action. Id. (citation omitted).

McKinney and Guyon supply the principles to be applied here. On the reasoning of those decisions, the Court concludes that: (1) each defendant must file or join a notice of removal within thirty days of receiving process; (2) all defendants must consent to

removal; and (3) the failure of the first-served defendant to file a legally sufficient notice of removal within thirty days of receiving service generally precludes removal by later-served defendants.

## II. General Motor's Failure to Remove or Consent

General Motors was the first-served defendant, and it did not file a notice of removal within thirty days of service. That is dispositive of the removal issue because the failure of the first-served party to abide by the thirty-day limitation generally precludes later-served defendants from removing the action. See McKinney, 955 F.2d at 926; Guyon, 403 F. Supp. 2d at 508.

## III. The Rule of Unanimity and Its Exceptions

Even if the Court is in error in concluding that Freedman's notice of removal was not timely, the notice was nonetheless defective under the "judicially imposed 'rule of unanimity' [which] requires all defendants to join in the removal and comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446." Guyon, 403 F. Supp. 2d at 505 (citing Creekmore v. Foodlion Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992)). As discussed, the Fourth Circuit has interpreted the statute to require that each defendant must give notice or consent to removal within thirty days of individual service, and that the first-served defendant must give notice or consent to removal within thirty days to preserve removal for any subsequently served defendant. See McKinney, 955 F.2d at

7

926; Guyon, 403 F. Supp. 2d at 509. It is undisputed that General Motors did not give its consent to removal.

Although unanimity is generally required for effective removal, there are exceptions to the rule. First, the consent of fraudulently joined defendants is not required. Second, defendants that are nominal parties to the action do not have to give consent to effectuate removal. Each of these exceptions is invoked by Freedman to avoid remand. Hence, each will be addressed in turn.

### A. Fraudulent Joinder

Freedman argues that General Motors should not be considered in the removal calculus because General Motors was fraudulently joined. Freedman's argument is entirely misplaced because fraudulent joinder arises as a bar to remand only where a nondiverse party is joined solely for the purposes of defeating federal jurisdiction.

To prove fraudulent joinder, "the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (internal quotation omitted) (emphasis added). That passage clearly explains that fraudulent joinder only applies where an "in-state," or nondiverse, defendant has been joined in order to manipulate jurisdiction.

8

General Motors is not an "in-state" defendant. Indeed, the Complaint asserts that General Motors is a Delaware corporation. (Compl. ¶ 1.) The pleadings do not establish the situs of General Motors' principal place of business, but General Motors has not asserted, nor has Freedman shown, that General Motors' principal place of business is in Virginia. Furthermore, a recent opinion from the United States District Court for the Middle District of Florida found, as a fact, that "General Motors is a Delaware Corporation with its principal place of business in Detroit, Michigan." General Motors Corp. v. Phat Cat Carts, Inc., 504 F. Supp. 2d 1278, 1281 (M.D. Fla. 2006).

Because General Motors is not an "in-state" defendant, the fraudulent joinder doctrine is simply inapplicable in the removal/remand calculus. Therefore, General Motors' consent was needed in order properly remove this action under 28 U.S.C. § 1446. General Motors did not consent. Indeed, it argues in support of remand.

B. Nominal Party Exception

Freedman and General Motors argue that General Motors should be dismissed from this action because it is a nominal party. The nominal party exception to the rule of unanimity is that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the notice [of removal]." 16 Moore's Federal Practice 3d, § 107.11[1][d] (citing various cases).

9

"Whether a defendant is a nominal party depends on the facts of each case." Id.

Freedman and General Motors rely upon a decision of the United States Court of Appeals for the Fifth Circuit for their definition of "nominal party" in the removal context. See Farias v. Bexar County Bd. of Trs. for Mental Health Mental Retardation, 925 F.2d 866, 871 (5th Cir. 1991). In Farias, the Fifth Circuit stated that to establish a non-removing party was a nominal party, "the removing party must show...that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." Id. (internal quotation omitted). Relying upon that statement, Freedman and General Motors argue that General Motors in a nominal party because Crockett cannot sustain a claim against General Motors.

The Fourth Circuit has yet to address the nominal party exception to the rule of unanimity. Blue Mako, Inc. v. Mindis, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007). However, in a thorough and persuasive opinion, Judge Tilley of the Middle District of North Carolina explained that "there appears to be broad consensus concerning the type of situations which would be covered by the exception," id., and then catalogued those "situations:"

> They include whether the defendant is a defunct corporation without assets or corporations joined solely on account of the parent-subsidiary relationship. A nominal party can encompass defendants who are mere stakeholders or depositories for property.

10

> <u>Another situation involves cases where there is no likely possibility that a plaintiff can establish a cause of action against a defendant.</u> This situation can include one where the party was not involved in the activities charged in the complaint, have already <u>settled</u> with the plaintiff, have only been <u>named as John Doe</u> Defendants, or where there is <u>no basis for imputing liability</u>. One test a court can consult in determining whether a party should be denominated as nominal is whether the court would be able to enter a final judgement in favor of the plaintiff in the absence of the defendant, without otherwise materially circumscribing the relief due.

<u>Blue Mako, Inc.</u>, 472 F. Supp. 2d at 696 (citations omitted) (emphasis added).

These examples, and the treatises as well, teach that the nominal party analysis is not called into play on the facts of this case at all. But, even if a nominal party analysis were to be made under the <u>Farias</u> formulation, the decision in <u>Blue Mako, Inc.</u> makes clear that, viewed in proper context, the Fifth Circuit's nominal party formulation in <u>Farias</u> is functionally the same as the Fourth Circuit's fraudulent joinder test, which is that "there is no possibility that the plaintiff would be able to establish a cause of action against [an] in-state defendant in state court." <u>Mayes</u>, 198 F.3d at 464 (internal quotation omitted). And, the Fourth Circuit explained that the "standard [for assessing fraudulent joinder] is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." <u>Id.</u> (internal quotation omitted).

11

Quite clearly, the pleadings in this case would require rejection of the nominal party argument even if the claim asserted against General Motors were measured against the more stringent standards applicable to Fed. R. Civ. P. 12(b)(6) motions set by Bell Atlantic Corp. v. Twombly, 127 S. Ct 1955 (2007). In Twombly, the Supreme Court explained that a complaint must aver "enough facts to state a claim to relief that is plausible on its face" in order to defeat a motion to dismiss. Id. at 1974. Further, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1964-65. Under this standard, and drawing all inferences in favor of Crockett, it is clear that she has set forth a proper claim against General Motors. And, considering that, when assessing a claim under the Fourth Circuit's fraudulent joinder analysis, we are instructed to favor the plaintiff more than we would on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, see Mayes, 198 F.3d at 464, it is obvious that Freedman's and General Motors' argument that General Motors is a nominal party fails.

In reality, what General Motors and Freedman urge is that Crockett's claims against General Motors must be tested for nominal party purposes against summary judgment standards. That clearly is not the proper measuring device.

## CONCLUSION

For the foregoing reasons, the Plaintiff's MOTION TO REMAND TO STATE COURT (Docket No. 10) will be granted, and the action will be remanded to the Circuit Court of the City of Richmond.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 15, 2008

13